IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT GARRETT, IDOC # N74351,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 11-1002-GPM |
| | ) |
| **LIEUTENANT BRADLEY,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Robert Garrett, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated at the Menard Correctional Center ("Menard"), brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by a person acting under color of state law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though a court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Garrett's claim against Defendant Lieutenant Bradley, a guard at the Pinckneyville Correctional Center ("Pinckneyville"), originally was part of a larger suit brought by Garrett pro se under 42 U.S.C. § 1983 in this Court, *Garrett v. Schwartz*, Civil No. 10-955-GPM (S.D. Ill. filed Nov. 24, 2010), which Garrett filed while he was incarcerated at Pinckneyville. On September 19, 2011, the Court advised Garrett that it was considering severing his Section 1983 claim in Civil No. 10-955-GPM against Bradley from Garrett's other claims in the case and opening Garrett's claim against Bradley as a new case. On November 9, 2011, after giving Garrett a reasonable period in which to dismiss voluntarily his claim against Bradley in order to avoid paying the filing fee for a new, separate lawsuit against Bradley, the Court severed Garrett's claim against Bradley from Garrett's other claims in Civil No. 10-955-GPM, and opened this case. Garrett's claim against Bradley is for retaliation, in violation of Garrett's First Amendment rights. According to Garrett, on August 18, 2010, Garrett complained to Bradley about his cellmate at Pinckneyville, who Garrett claims stole commissary items from Garrett and continually picked fights with Garrett.

Despite Garrett's complaints, Garrett was not assigned to a new cell. Garrett claims that Bradley told him that if he, Garrett, had difficulties with his cellmate, Garrett should fight his cellmate. According to Garrett, Bradley refused to move Garrett to a different cell in retaliation for Garrett's complaints about his hostile cellmate.

In general, a prisoner has a First Amendment right to challenge the conditions of his or her confinement by, for example, filing grievances and lawsuits, and it is unlawful for state officials to retaliate against a confined person for exercising this right. *See Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996); *Antoine v. Walker*, Civil No. 07-453-GPM, 2011 WL 828935, at *2 (S.D. Ill. Mar. 3, 2011). To show unlawful retaliation, a plaintiff must prove three elements: first, that he or she engaged in constitutionally protected conduct, e.g., filing grievances or lawsuits challenging the conditions of the plaintiff's confinement; second, that but for the protected conduct a defendant would not have taken an adverse action against the plaintiff; and third, that the plaintiff suffered a deprivation because of the defendant's action. *See Gunville v. Walker*, 583 F.3d 979, 983-84 & n.1 (7th Cir. 2009); *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009). In the past, controlling authority in this Circuit did not require but-for causation in a case involving alleged retaliation for the exercise of First Amendment rights. *See, e.g., Hasan v. United States Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)) ("[A] plaintiff who complains that he was retaliated against for exercising his right of free speech need not prove that, had it not been for that exercise, the adverse . . . action that he is charging as retaliation would not have occurred. All he need prove is that his speech was a 'motivating factor' in the [defendant's] decision to take the adverse action."). However, the Supreme Court of the United States clarified recently that, unless a federal

statute provides otherwise, the plaintiff bears the burden of demonstrating but-for causation in suits brought under federal law. *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009) (to prevail in an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that [an unlawful motive] was the 'but-for' cause of the challenged . . . decision."); *Waters v. City of Chicago*, 580 F.3d 575, 584 (7th Cir. 2009) ("[T]he decisions which say that a plaintiff need only prove that his speech was a motivating factor in the defendant's decision [to retaliate] do not survive *Gross*[.]"). Alleging a retaliation claim is easy; however, proving such a claim is hard, particularly where, at the summary judgment stage, a plaintiff must do more than merely allege retaliation. "As easy as it is to state a viable claim for retaliation at the outset of litigation, an inmate cannot rest on his original allegations as the lawsuit progresses[.]" *Thomas v. Walton*, 461 F. Supp. 2d 786, 796 (S.D. Ill. 2006) (brackets omitted). Still, at the pleading stage a prisoner's retaliation claim is subject to a liberal notice pleading standard. *See, e.g., Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (to state a claim for retaliation, a plaintiff must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put a defendant charged with unlawful retaliation on notice of the claim). The bare minimum a plaintiff must plead in a retaliation claim are the facts that would apprise the defendant of what the plaintiff did to provoke the alleged retaliation and what the defendant did in response. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2002); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Under this liberal pleading standard, the Court concludes that Garrett's retaliation claim against Bradley survives screening pursuant to 28 U.S.C. § 1915A.

Because the Court finds that Garrett's retaliation claim against Bradley withstands screening under 28 U.S.C. § 1915A, it is hereby **ORDERED** that the Clerk of Court shall prepare for Defendant **BRADLEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to Bradley's place of employment as identified by Garrett. If Bradley fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within **thirty (30) days** from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Bradley, and the Court will require Bradley to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

It is **further ORDERED** that, if Bradley no longer can be found at the work address provided by Garrett, the employer shall furnish the Clerk of Court with Bradley's current work address, or, if not known, Bradley's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's files or disclosed by the Clerk.

It is **further ORDERED** that Garrett shall serve upon Bradley (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Garrett shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Bradley or counsel. Any paper that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

It is **further ORDERED** that Bradley shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2) of the Local Rules of the United States District Court for the Southern District of Illinois, this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), **should all the parties consent to such a referral**.

Finally, Garrett is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate Garrett's whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 23, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge