IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT GARRETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 11-1002-GPM |
| | ) |
| **LIEUTENANT BRADLEY,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The matter before the Court is the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 28), which recommends this Court grant Defendant's motion for summary judgment and find Plaintiff failed to exhaust his administrative remedies prior to filing this 42 U.S.C. § 1983 suit. The Report and Recommendation was entered on October 5, 2012. Neither party has filed an objection.

Plaintiff Robert Garrett is an inmate at Menard Correctional Center ("Menard"). Plaintiff filed the instant lawsuit against Defendant Lieutenant Bradley ("Bradley") because Bradley retaliated against Plaintiff after he exercised certain rights protected under the First Amendment to the Constitution. Plaintiff says he complained to prison officials that he was afraid of his cellmate. Bradley ignored Plaintiff's claims, which Plaintiff says was retaliation for Plaintiff voicing concern about his cellmate.

Plaintiff's claim survived threshold review (*See* Doc. 14), and Bradley subsequently moved for summary judgment (*See* Doc. 22). The basis for Bradley's motion for summary

judgment is twofold: (1) Plaintiff failed to exhaust his administrative remedies before bringing suit; and (2) Bradley is protected by the doctrine of qualified immunity (Doc. 22).  As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Bradley's motion.

At the *Pavey* hearing, Plaintiff conceded that he did not exhaust his administrative remedies before filing this lawsuit.  Accordingly, Magistrate Judge Wilkerson did not address the issue of qualified immunity.  Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before this Court.  The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, including the testimony heard during the *Pavey* hearing, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court "may accept, reject or modify the magistrate judge's recommended decision."  *Harper*, 824 F. Supp. at 788.  In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'"  *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  While a *de novo* review

is not required here, the Court has considered the evidence adduced at the *Pavey* hearing and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Plaintiff conceded he did not file a grievance. As such, Plaintiff did not fully exhaust his administrative remedies prior to filing suit, which is required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 28) and **GRANTS** Bradley's motion for summary judgment for failure to exhaust administrative remedies (Doc. 22). Plaintiff's lawsuit is **DISMISSED with prejudice**. *See Robinson v. United States,* 80 Fed.Appx. 494, 500 (7th Cir. 2003), *citing Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002), *Pozo v. McCaughtry,* 286 F.3d 1022, 1023-24 (7th Cir. 2002), *and McCoy v. Gilbert,* 270 F.3d 503, 510 (7th Cir. 2001). Judgment will enter accordingly.

**IT IS SO ORDERED.**

**DATED**: January 24, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge